UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOIS PARDEE MANNING,

        Plaintiff,

vs.                              Case No. 3:15-cv-320-J-34JRK

JANSSEN RESEARCH &
DEVELOPMENT, LLC, et al.,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On March 13, 2015, Plaintiff filed her Complaint (Doc. 1), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶ 1. Plaintiff further asserts that the amount in controversy exceeds $75,000. Id. In the Complaint, Plaintiff alleges that she is "a citizen and resident of Suwannee County, Florida . . . ." Id. ¶ 15. Plaintiff brings this action against nine Defendants, three of which are limited liability companies (LLC), three of which are corporations, and three of which appear to be

foreign companies.  As to the three corporate Defendants, Plaintiff alleges that: (1) Janssen Pharmaceuticals, Inc. f/k/a/ Ortho-McNeil-Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in New Jersey, id. ¶ 26, (2) Bayer Healthcare Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in New Jersey, id. ¶ 38, and (3) Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania, id. ¶ 54.  Regarding the foreign companies (the German Defendants), Plaintiff asserts that: (1) Bayer Pharma AG is a "pharmaceutical company domiciled in Germany," id. ¶ 45, (2) Bayer Healthcare AG is a "company domiciled in Germany . . . ," id. ¶ 62, and (3) Bayer AG is a "German chemical and pharmaceutical company that is headquartered in . . . Germany," id. ¶ 66.  With respect to the three Defendants identified as LLCs (LLC Defendants), Plaintiff states that: (1) Janssen Research and Development LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development LLC (Janssen R&D, LLC) is "organized under the laws of New Jersey, with a principal place of business" in New Jersey, id. ¶ 19, (2) Janssen Ortho LLC is "organized under the laws of Delaware, having a principal place of business" in Puerto Rico, and is "a subsidiary of Johnson & Johnson," id. ¶ 32, and (3) Bayer Healthcare LLC is "duly formed and existing under and by the virtue of the laws of the State of Delaware, with its principal place of business located in the State of New Jersey," id. ¶ 58.  Plaintiff adds that Bayer Corporation is the sole member of Bayer Healthcare LLC.  Id. ¶ 59.  Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Plaintiff has inadequately pled the citizenship of two of the German Defendants, as well as two of the LLC Defendants.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Plaintiff identifies Janssen R&D, LLC and Janssen Ortho LLC as limited liability companies, but incorrectly alleges their respective citizenships as though they were corporations.[1] See Complaint ¶¶ 19, 32. Accordingly, additional information regarding the citizenship of each of the members of Janssen R&D, LLC and Janssen Ortho LLC is necessary to determine the citizenship of those Defendants.[2]

In addition, as to Bayer Pharma AG and Bayer Healthcare AG, Plaintiff framed her allegations in terms of where these German Defendants are "domiciled," such that it is

---

[1] The Court notes that Plaintiff identifies Defendant Bayer Healthcare LLC as a limited liability company as well. However, Plaintiff adequately alleges the citizenship of Bayer Healthcare LLC. Specifically, Plaintiff alleges that Bayer Corporation is the sole member of Bayer Healthcare LLC, id. ¶ 59, and identifies Bayer Corporation as an Indiana corporation with its principal place of business in Pennsylvania, id. ¶ 54. Thus, the Court is able to determine that Bayer Healthcare LLC is also a citizen of Indiana and Pennsylvania.

[2] Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

-3-

unclear whether those allegations encompass the place of incorporation and the principal place of business for those entities.³ If the German Defendants are corporations, then Plaintiff must allege both the place in which each Defendant was incorporated or organized, and the place where they each have their principal place of business. See Williams v. Mast Biosurgery USA, Inc., No. 7:08-cv-114, 2008 WL 4185992, at *2 (M.D. Ga. Sept. 5, 2008) ("Section 1332(c)(1)'s definition of citizenship also applies to foreign corporations."). If any of the German Defendants is an unincorporated entity, then Plaintiff must allege the citizenship of each of that Defendant's owners. See Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) ("[U]nincorporated entities are attributed the citizenship of their owners.").

Moreover, upon further review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count in the Complaint incorporates by reference all allegations of the preceding counts. See generally Complaint.

---

³ In contrast, Plaintiff alleges that Bayer AG is a German company, with its headquarters in Germany. See Complaint ¶ 66. Generally, a corporation's headquarters will constitute its principal place of business. See Hertz, 559 U.S. at 93 (holding that a corporation's principal place of business is the corporation's "nerve center," which is usually the place where it maintains its headquarters). As such, this allegation is likely sufficient to establish Bayer AG's citizenship, although Plaintiff would be well-advised to more directly allege Bayer AG's principal place of business in her amended complaint.

-4-

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[4] and corrects the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

---

[4] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

-5-

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint and curing the jurisdictional deficiencies on or before **March 30, 2015**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on March 19, 2015.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties